NORTHERN TEXAS TRACTION COMPANY ET AL. V. HELEN CALDWELL.

Decided December 1, 1906.

**1.—Res Gestae.**

In a suit for personal injuries received in a collision between a railway train and a street car, the remark of the street car conductor to a passenger as the car approached the crossing, "I will go to the front and see that everything is all right so we will get across the railroad;" and his remark to another passenger "I must go through to the front of the car and look out for headlights and engines" were both admissible as parts of the *res gestae*.

**2.—Testimony—Opinion of Witness.**

In a suit for personal injuries received in a collision between a railway train and a street car, the railway conductor was asked the following question: "When a street car is approaching a crossing, when will it appear that it is going to stop? When would it become apparent that there was danger of a collision when the street car, coming on Main Street, like this?" Held, to call for a conclusion of the witness, and the answer was properly excluded.

**3.—Same—Speculative Opinion.**

In a suit for personal injuries received in a collision at a railroad crossing a witness who had been sent by the defendant company to make a test at the place of the collision, after testifying to the facts connected with the experiment, was asked to state "whether or not it would be possible for a man standing thirty feet from the crossing, listening for the train, and not hear it as it approached the crossing." Held, properly excluded as calling for a speculative opinion.

**4.—Wrongdoers—Contribution.**

Where the evidence shows that the negligence of two independent wrongdoers jointly contributed to the injuries complained of, each is primarily liable, and neither is entitled to judgment over against the other.

**5.—Stopping Street Car and Locomotive—Comparative Time—Testimony.**

It was not error to permit an experienced railroad man to testify that a street car could be stopped in much shorter space than a locomotive or a number of cars. The fact is one obviously true.

**6.—Railway Train and Street Car—Right of Way—Custom.**

In a suit growing out of a collision between a railway train and a street car it was proper to allow the railway company to prove that it was the custom when a railway train and a street car were both approaching the same crossing at the same time for the street car to stop for the train.

**7.—Independent Wrongdoers—Liability.**

In a suit against two independent wrongdoers the liability of each depended upon its breach of the duty it owed the plaintiff; neither defendant owed the other any duty, and the court properly refused to instruct the jury upon the relative duty of the defendants to each other.

**8.—Recovery by Next Friend—Judgment.**

In a recovery by next friend for personal injuries to a minor the judgment should be that the minor, by her next friend, naming him, recover the amount of the judgment, for the sole use of the minor, and that the money

when paid into court be held until the minor becomes of full age or has a guardian.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*C. H. Yoakum, West, Chapman & West* and *Theodore Mack,* for appellant St. Louis, S. F. & T. Ry. Co.—On an issue between two defendants sued jointly for negligence, where the question is as to whose negligence proximately caused a collision, evidence of an employe of one of the defendants that he, standing on the rear platform of a street car, was about to start to the front platform and remarked to a bystander that he must go to the front and look out for railroad trains, is not a part of the *res gestae,* and should have been excluded, because his unsworn statement, made at the time, does not reflect light upon the act of the motorman or himself in failing to use the high degree of care demanded of them; and for the further reason that the declaration, while illustrative of the act or motive in going forward, are not illustrative of his conduct and acts after he reached the front vestibule of the car, and such declarations are not contemporaneous with the negligent conduct complained of by appellant and plaintiff below. Ft. Worth & D. C. Ry. Co. v. Snyder & Dupree, 89 S. W. Rep., 1019.

Where a number of interested witnesses testify on behalf of their employer, charged by a passenger with negligence in not using care to hear or see an approaching freight train, that they did not see or hear an approaching freight train, it is permissible, on the part of a defendant charged with being negligent by its co-defendant, to prove by a witness that standing at the same place and under like circumstances and conditions as were the witnesses who had thus testified, he could hear the approaching train. Such evidence is neither speculative nor an opinion. 12 Am. and Eng. Ency. Law (2d ed.), 406 et seq.; Burg v. Chicago, R. I. & P. Ry., 90 Iowa, 106, 48 Am. St. Rep., 419; Byers v. Nashville, C. & St. L. Ry., 94 Texas, 345, 29 S. W. Rep., 128; Chicago, St. L. & P. Ry. v. Champion (Ind.), 32 N. E. Rep., 874; Underhill on Evidence, sec. 201.

*Capps & Cantey* and *Hanger & Short,* for appellant Northern Texas Traction Company.—In an action against two joint tort feasors, where one of said joint tort feasors is guilty of intentional wrong, and the act of the other is not intentional but merely passive, the one which is not guilty of any intentional wrong is entitled to recover over against the one guilty of intentional wrong in case of recovery against it. Gulf, C. & S. F. Ry. Co. v. Hathaway, 75 Texas, 558; Gulf, C. & S. F. Ry. v. Galveston, H. & S. A. Ry., 83 Texas, 516; 94 Texas, 266; 98 Texas, 151.

It is neither proper nor permissible in the cross examination of a witness for the party cross examining him to attempt to corroborate and aid facts brought out by such party or otherwise, favorable to such party so cross examining said witness, by the introduction of statements made at other times, and particularly when such witness has not denied having made statements not in accord with the statements brought out in said

cross examination, and such statements are only self-serving and self-supporting. Thurmond v. State, 27 Texas Crim. App., 347; 1 Wharton Ev., 570, 571; Wigmore on Evidence, secs. 1127, 1131.

It is not permissible to attempt to establish a custom by the absence of knowledge of a witness on a given subject. Woldert v. Arledge, 4 Texas Civ. App., 696; Missouri Pacific Ry. Co. v. Porter, 73 Texas, 307.

The duty owed by the traction company to the railway company to avoid a collision was not the same as that owed by the street car company to the plaintiff, the plaintiff being a passenger, but said duty so owed by said street car company to said railway company was only ordinary care. International & G. N. Ry. Co. v. Dyer, 76 Texas, 161; Houston, etc., Ry. Co. v. Wilson, 60 Texas, 144.

The street car company owed no higher degree of care to the railway company to avoid a collision than the railway company owed to the street car company to avoid a collision, that is, each owed to the other ordinary care in order to avoid a collision. Houston, etc., Ry. Co. v. Wilson, 60 Texas, 144; International & G. N. Ry. Co. v. Dyer, 76 Texas, 161.

*Buck, Cummings & Doyle* and *Sidney L. Samuels,* for appellee.—The testimony of the witness Collins as to declaration of conductor of street car, made just a moment prior to the collision, that the conductor must go through to the front of the car and look out for headlights and engines, was admissible as a part of the *res gestae.* The remark of the conductor, to which the conductor testified, being the same remark at the same time as above, was admissible on the same ground. Gulf, C. & S. F. Ry. Co. v. Milner, 66 S. W. Rep., 574; International & G. N. Ry. v. Anderson, 82 Texas, 516; International & G. N. Ry. Co. v. Bryant, 54 S. W. Rep., 364; Missouri, K. & T. Ry. Co. v. Moore, 59 S. W. Rep., 283.

The question propounded to appellant's witness, Davis, by appellant as to "When a street car is approaching a crossing, when will it appear that it is going to stop? When would it become apparent that there was danger of a collision when the street car, coming on Main Street, like this?" called for the expression of an opinion, was speculative and inadmissible, and the court was correct in excluding it. Galveston, H. & S. A. Ry. Co. v. Sweeney, 24 S. W. Rep., 947; Baldridge v. Cartrett, 75 Texas, 631; Sonnefield v. Mayton, 39 S. W. Rep., 166.

SPEER, ASSOCIATE JUSTICE.—This is a damage suit instituted by Helen Caldwell, a minor, through her next friend, against Northern Texas Traction Company and St. Louis and San Francisco and Texas Railway Company, to recover for personal injuries received by her in a collision between a car of the traction company and a train of the railway company at a public crossing in North Fort Worth. It was the same collision out of which grew the case of St. Louis and San Francisco Railway Company v. Knowles, decided by us on November 10, 1906 (99 S. W. Rep., 867), which case see for a statement of the details of the accident. It will be unnecessary to discuss all of the assignments of error of the appellant St. Louis and San Francisco and Texas Rail-

way Company in this case, since most of the questions raised were decided in the case referred to. In the present case the plaintiff recovered a judgment against both defendants and both have appealed.

James, the conductor of the traction company's car upon which appellee was riding at the time of the collision, was permitted to testify over the objection of the railway company, that before approaching the crossing he was on the rear platform and remarked to a passenger, "I will go to the front and see that everything is all right so we will get across the railroad." Another witness was also permitted to testify that he was sitting in the back vestibule of the car on a stool, and just as James, the conductor, was about to go forward, he said to witness: "I must go through to the front of the car and look out for headlights and engines." It is insisted, and such was the objection to the evidence, that this constituted no part of the *res gestae.* But we think otherwise. If the remark of the conductor was made it was within a few feet of the crossing, and within a few seconds of the time when the accident occurred, and was, therefore, a verbal act descriptive of the conduct of the conductor in going forward to look for trains. The very nature of the remark excludes the idea of fabrication.

The railway conductor, Davis, while upon the stand was asked, "When a street car is approaching a crossing, when will it appear that it is going to stop? When would it become apparent that there was danger of a collision when the street car, coming on Main Street, like this?" It was objected that this called for an opinion of the witness, and we think it did. The answer was properly excluded. The same may be said of the proposed testimony of the witness Boyd. This witness and others were sent by the railway company to make a test at the scene of the collision for the purpose of testifying in the case, and upon the trial was asked to state "whether or not it would be possible for a man standing thirty feet from that crossing, as you and Mr. Vinson were standing, listening for the train, and not hear it as it approached the crossing." The witness and others had been permitted to detail every fact connected with the experiment and this was quite as far as it was proper to permit him to testify. Whether or not it was possible for a man not to hear the train is certainly a highly speculative opinion.

The following rulings are made upon the appeal of the Northern Texas Traction Company. The court committed no error in sustaining an exception to the traction company's plea over against the railway company seeking reimbursement in the event of its being held liable to the plaintiff. This is one of those cases in which the liability of both wrongdoers appears to be primary and concurrent, and one in which neither should be entitled to contribution or reimbursement as against the other. The verdict imports a finding that the negligence of each of the appellant companies proximately caused or contributed to cause appellee's injuries, and each is therefore primarily liable. Indeed, such was the case made both by appellee's petition and the traction company's plea over. (Galveston, H. & S. A. Ry. Co. v. Nass, 94 Texas, 255.)

We do not consider appellant's second assignment of error, complaining of the admission in evidence of a statement made by the witness Reddick on the day following the accident corroborating his statement

on the trial, for the reason that we do not know what objection was made and sustained. Neither the brief nor the bill of exceptions in the statement of facts informs us.

There was no error in permitting the witness Davis to testify that a street car can be stopped in a much shorter space than a steam locomotive or a number of cars, as against the objection that it was a conclusion, since the witness was an experienced railroad man and his conclusion was upon a question about which he might properly express an opinion. Besides, the fact is one so obviously true that his answer could hardly strengthen it before any intelligent jury. The same witness was asked: "State whether or not in your experience as a railroad man, when a railroad train is approaching a crossing and a street car is approaching the same crossing, so that it would appear that one or the other would stop, you ever knew the train to stop to let the street car pass." To which he answered, "No." We think there was no error in permitting this question and answer. The witness had testified to the general custom in this particular, and the testimony quoted serves only to emphasize the custom by showing that the witness never knew of an exception. It is not proving a custom by testifying to isolated instances, as appellant insists. We think it was proper to allow the railway company to prove that it was the custom, when a train and a street car were both approaching the crossing, for the street car to stop for the train. At any rate, the objection made to this testimony "that the witness had shown that he never saw the car until it had passed across and therefore could not answer the question," was hardly applicable and was properly overruled.

The traction company sought to have the court to instruct the jury that as between themselves that company owed to the railway company the duty to exercise such care to avoid the collision as a person of ordinary prudence would exercise with reference to a similar matter under similar circumstances. This was properly refused, since there were really no issues between the two defendants. Neither sought a judgment against the other, nor owed the other any duty whatever. The liability of each depended upon its breach of the duty it owed to the plaintiff in the case.

It is next insisted that the court erred in charging the jury as to the mental pain and anguish to be suffered by appellee in the future, for the reason that there was no evidence to warrant such charge, but we rule against appellant upon this point. It is unnecessary to detail the evidence upon which we make the ruling, but there was testimony tending to show that appellee had not entirely recovered from her injuries, and that she might, and probably would suffer both physical and mental pain in the future. Neither do we find any fault in the court's definition of proximate cause.

There is ample evidence in the record to support the verdict of the jury, both as to the negligence of these appellants and the amount of damages awarded to appellee. The judgment of the District Court will be corrected, however, so as to direct that the money, when paid into court, shall be held until the minor becomes of full age, or has a guardian. (Texas Central Ry. v. Stewart, 20 S. W. Rep., 962.)

As reformed, the judgment of the District Court is in all things affirmed.

*Reformed and affirmed.*

Writ of error refused.