St. Louis, San Francisco & Texas Railway Company v. John M. Andrews, next friend, et al.

Decided December 7, 1906.

**1.—Public Crossing—Collision—Rule of Company—Evidence.**

In a suit for personal injuries caused by the collision of a railway train with a street car at a public crossing, a rule of the defendant railway company for the guidance of its employes in the management of trains at public crossings and other hazardous places may be introduced in evidence by a plaintiff, not a servant of said company, together with evidence of a violation of said rule, as a circumstance tending to prove negligence on the part of the train operatives, in that they neglected to observe a reasonable rule adopted by the company to prevent such accidents.

**2.—Same.**

In a suit for personal injuries received in a collision between a railway train and a street car, a rule of the defendant street-car company, made after the accident, for the guidance of its conductors at railroad crossings, is inadmissible.

**3.—Personal Injuries—Verdict not Excessive.**

Evidence as to personal injuries considered, and held to warrant a verdict for $7,000.

**4.—Suit by Next Friend—Judgment.**

In a recovery by a next friend for a minor the judgment should be in favor of the next friend for the use of the minor, and require that the money be deposited in court until the minor comes of age or has a guardian.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*C. H. Yoakum, West, Chapman & West,* and *Theodore Mack,* for appellant.

*Q. T. Moreland,* for appellee.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment for seven thousand dollars in favor of John M. Andrews as next friend of Martha Andrews, a girl of sixteen years, who was severely injured in a collision of a freight train with a street car at the crossing of the main thoroughfare between Fort Worth and North Fort Worth. On November 10, 1906, (in cause No. 5261) a judgment in favor of A. R. Knowles against appellant for damages (in the sum of ten thousand dollars) resulting from the same collision was affirmed in this court. Also, on December 1, 1906, a judgment (for five thousand and ninety-four dollars) in favor of Helen Caldwell (in cause No. 5275) for damages resulting from same collision was affirmed against both the railway company (appellant) and the street car company (The Northern Texas Traction Company).

A statement of the facts attending the collision and of the issues growing out of it may be found in the conclusions filed by us in those cases, to which reference is here made. With two or three exceptions, which will be noted, all the issues raised by the assignments in this

case were disposed of by the conclusions filed in those cases, which are therefore adopted in this case. To be more specific, the issues submitted in this case under assignments one to eight and seventeen to twenty-one, inclusive (as numbered in appellant's brief), were covered by the conclusions filed in the Knowles case, and those raised by assignments nine to twelve and fourteen and fifteen were disposed of in the conclusions filed in the Caldwell case. (99 S. W. Rep., 869.)

Under the sixteenth assignment, complaining of the reading in evidence from appellant's book of rules the following: "Railroad crossings and other hazardous places must be approached with train under such control as to absolutely prevent running over crossings before stopping," the following proposition is submitted: "In an action for damages growing out of a collision instituted by a passenger on a street car against a railway and street car company a rule of the railway company for the guidance of its employes, is not relevant or material to the issue of negligence on the part of the railway company in failing to exercise ordinary care."

No authority in point is cited by appellant to sustain the proposition, but the following statement is made in its brief: "This is the first instance that has come to our notice where one not a servant has pleaded and relied upon a violation of a rule (not a statutory rule or obligation), for the guidance of employes of a railway." However, while a breach of this rule was pleaded as a ground of recovery, the court in submitting the issue used this language: "Or if said crossing was a hazardous place, and said employes, in approaching said crossing, failed to have said train under such control as an ordinarily prudent person would have done under the same circumstances," and further submitted to the jury as a test of liability whether appellant in that or any other alleged particular had failed to use ordinary care. Since, then, a mere violation of the rule was not treated by this court as an act of negligence and ground of recovery, the only question at issue is, whether or not it is competent for a person not an employe or passenger of the railway company who is injured at a railroad crossing or other hazardous place to prove, as a circumstance tending to show negligence, a violation by the railway servants of a rule adopted and published by the railway company for their guidance in running trains at such places? As already seen, no case has been cited by the learned counsel for appellant to sustain their contention, and of those cited by counsel for appellee only one seems to be in point, that of Lyman v. Boston & M. Ry., 11 Law Rep. Ann., 364, in which a person not a passenger or servant of the company was injured at a farm crossing. A violated rule regulating the speed of engines at such places was held to be competent evidence in that case, but the question was not discussed. In some of the other cases cited expressions were used which would seem to sanction the admissibility of such testimony. We have finally concluded that the court did not err in admitting the testimony as a circumstance tending to prove negligence on the part of the train operatives in that they neglected to observe a reasonable rule which had been adopted and published by the railway company, evidently, in part at least, for the protection of people at said crossing.

The question of the admissibility of a rule adopted by the street car

company after the accident, which required its conductors to go on the crossing and look for cars before attempting to cross, is raised by the thirteenth assignment; but that such testimony is inadmissible, has often been decided. Besides, for reasons stated in the Knowles case, the ruling was not to the prejudice of appellant.

The only remaining issue is the alleged excessiveness of the verdict, but we would not be warranted in setting it aside on that ground. Appellee was severely shocked—almost killed—and, besides, great mental and physical suffering, sustained permanent injury, which affected her personal appearance and comfort of life, and probably also her whole nervous system.

Judgment reformed as in cause No. 5275 and affirmed.

*Reformed and affirmed.*

Writ of error refused.