FT. WORTH & DENVER CITY RAILWAY COMPANY v. CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY.

Decided October 26, 1907.

**1.—Connecting Carrier—Shipment of Cattle—Refusal to Receive.**

It seems that a connecting carrier which has no feeding and watering facilities at the junction point, has the right to refuse to receive from a prior carrier a shipment of cattle, which have already been on the cars between twenty-six and twenty-seven hours, until such cattle are fed and watered by the prior carrier.

**2.—Joint Wrongdoers—Recovery Over.**

Where two connecting carriers have both been guilty of negligence in handling a shipment of cattle over their roads, neither can recover over against the other for any part of the damages adjudged against it. One concerned in the commission of a wrong can not recover of another likewise guilty.

Appeal from the District Court of Sherman County. Tried below before Hon. Ira Webster.

*Spoonts, Thompson & Barwise, Turner & Boyce* and *J. M. Chambers,* for appellant.

*D. B. Hill, N. H. Lassiter* and *Robt. Harrison,* for appellee.

CONNER, Chief Justice.—C. H. Brand sued the above named railway companies for damages because of injury to cattle shipped from New Mexico to Denver, Colorado, via the lines of said companies. The appellant, the Fort Worth & Denver City Railway Company, answered by general demurrer, general denial and special pleas, and the defendant, Rock Island & Gulf Railway Company, appellee, answered Brand's petition and filed a cross bill alleging that the injury to the cattle was caused by the negligence of appellant, and prayed for judgment against appellant for such sum as plaintiff might recover against appellee. The court sustained a general exception presented by the appellant company to the plaintiff's petition, but overruled its general exception to the cross petition of its codefendant. A trial by jury resulted in a verdict and judgment for the plaintiff against the appellee for eight hundred dollars, and in its favor against the appellant company for four hundred dollars. There is no appeal from the judgment in Brand's favor against the appellee, but the Fort Worth & Denver City Railway Company has perfected an appeal from the judgment over against it.

A disposition of the second assignment of error will effectually dispose of all others, and we therefore address ourselves to it. The ground of Brand's action against the Chicago, Rock Island & Gulf Railway, as stated in his petition, is that said defendant "became liable and promised to forward said steers to Dalhart, Dallam County, Texas, and there to feed and water said steers and deliver them to the said defendant, Fort Worth & Denver City Railway Company, its connecting carrier, without delay," which it was charged was not done. In submitting the issues to the jury, the court charged that if they should find that "Charles H. Brand owned the cattle mentioned in his petition, and that he entered into a contract with the defendant, the Chicago, Rock Island & Gulf Railway Company, whereby said defendant company agreed and became bound to transport said cattle to Dalhart, Texas, and there to feed and water them and deliver them to the defendant, the Fort Worth & Denver City Railway Company, to be forwarded to Denver, Colorado, to be sold upon the market at said place, and if you further find that defendant, the Chicago, Rock Island & Gulf Railway Company, failed or refused to place the cars at the pens in Dalhart where they could be unloaded and fed and watered, after being requested so to do by plaintiff and within a reasonable time after their arrival at Dalhart, and if you find that such failure, if any, was negligence, and that such negligence, if any, proximately caused injury to plaintiff's said cattle, resulting in damages to plaintiff, as alleged in plaintiff's petition, then your verdict will be for the plaintiff.

Appellant insists in the second assignment of error that the court erred in refusing to instruct the jury to return a verdict in favor of appellant, as requested in special charge, and we think the assignment well taken. The facts show that the shipment origi-

nated at Deming, New Mexico, whence over other lines of road the cattle proceeded until their arrival at one of appellee's stations in the same territory, and were there received by appellee and transported to Dalhart, Texas, under a contract limiting its liability to injuries received on its own line. It appears that at the time of the arrival of the cattle at Dalhart, they had already been on the cars between twenty-six and twenty-seven hours, and Brand testified that prior to arrival he directed, and the conductor of appellee's train agreed, that the cattle should be unloaded and fed and watered at Dalhart. It appears, however, that the conductor failed to do this, but at once undertook to deliver the train load of cattle to the Fort Worth & Denver City Railway Company. Brand, however, still insisted that his cattle should be fed and watered and the agents of the Fort Worth & Denver City Railway Company refused to receive them on the ground that they had no feed and watering pens that could be reached in time for the cattle to be fed within the twenty-eight hour limit required by the federal regulations. After some six or eight hours' fruitless effort to induce the Fort Worth & Denver City Railway Company to receive the cattle, appellee's agents in charge of the shipment returned them to appellee's yards in Dalhart and there fed and watered them. The only damage claimed or proved by Brand upon the trial was the shrinkage and deterioration caused by the delay stated. Facts so alleged, proved and submitted wholly fail, in our judgment, to constitute a right of recovery against appellant in appellee's behalf. Under the court's ruling, to which we find no objection, Brand presented no right of recovery whatever against appellant, and under the court's charge appellee was liable only for a breach of its own contract and for its own negligence. It therefore can avail appellee nothing that appellant may possibly have violated its duty in the premises. Appellant was not a party to the contract between Brand and appellee and if appellee was guilty of a breach of its contract to feed and water and of negligence as established by the verdict and judgment, the fact that appellant may also have been negligent gives no right of recovery in favor of appellee, as it is a well established rule that one concerned in the commission of a wrong can not recover of another likewise guilty thereof. Gulf, C. & S. F. Ry. Co. v. G., H. & S. A. and N. Y. T. & M. Ry. Cos., 83 Texas, 509; City of San Antonio v. Smith, 94 Texas, 266; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W. Rep., 167.

We conclude that the judgment should be reversed and here rendered for appellant

*Reversed and rendered.*