MISSOURI, K. & T. RY. CO. OF TEXAS v. HUMPHRIES et al.

(Court of Civil Appeals of Texas. Austin. April 23, 1913. Rehearing Denied May 28, 1913.)

1. CARRIERS (§ 381*) — TRANSPORTATION OF PASSENGERS — EJECTION — WRONG TRAIN — EVIDENCE—CUSTOM.

Where plaintiff was ejected from defendant's train because her transportation read over another road, and she claimed to have been directed to defendant's train both by the gateman at the union station and by defendant's brakeman as she boarded the train, evidence that it was customary for defendant's brakeman at the union station, before permitting passengers to enter its train, to inspect their tickets to ascertain whether they were entitled to ride thereon was admissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1473–1476, 1479–1482; Dec. Dig. § 381.*]

2. CONTRIBUTION (§ 5*)—JOINT WRONGDOERS.

Defendant used a union depot at F. owned by the T. railroad company which provided and controlled the employés, including gatemen. Plaintiff having purchased a ticket over another road was permitted to board defendant's train through the negligence of the gateman and defendant's brakeman in omitting to examine her transportation before permitting her to get aboard, and, after the train had started, she was ejected in an improper place and manner. Held that, since defendant's brakeman was negligent, and defendant was further negligent in ejecting plaintiff, it was the principal wrongdoer and was therefore not entitled to recover contribution against the T. railroad company, under the rule that there is no right of contribution between tort-feasors, especially where both parties are in the wrong, or the act of the one seeking contribution was the proximate cause of the injury.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 6–9; Dec. Dig. § 5.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

3. CARRIERS (§ 356*) — TRANSPORTATION OF PASSENGERS — UNION DEPOT — GATEMEN — AGENCY.

Where a railroad company operates a union depot and employs gatemen who serve various railroads using the depot, the gatemen, so far as the general public is concerned, are the agents of all the railroads using the depot.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

4. CARRIERS (§ 356*) — PASSENGERS — PERSON ON WRONG TRAIN.

Where plaintiff was directed to board defendant's train, though her ticket called for another road, through the negligence of a union depot gateman and the brakeman of defendant's train, she was a passenger thereon, though she had no ticket over defendant's road and paid no fare, and hence defendant in causing her to leave the train was bound to use with reference to her the high degree of care which it is bound to exercise toward passengers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

Appeal from District Court, McLennan County; J. N. Gallagher, Special Judge.

Action by Mrs. Marian Humphries and others against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Affirmed.

Alex S. Coke, of Dallas, and Spell & Sanford, of Waco, for appellant. W. L. Eason, of Waco, for appellees.

RICE, J. Mrs. Humphries, joined pro forma by her husband, brought this suit against appellant and the Texas & Pacific Railway Company to recover damages for having been unlawfully ejected from the train of the former on the 29th of October, 1909, alleging that she and her mother purchased tickets at Higginson, Ark., on the 27th of October, via Ft. Worth, Tex., over the I. & G. N. Railroad to Waco; that appellant, together with the Texas & Pacific Railway and other railroad companies, maintained at said time a union depot at Ft. Worth, where they had passenger facilities in common, among other things operating a gate system, employing a gateman, whose duty it was to open the gate upon arrival and departure of trains and direct passengers to their respective cars; that plaintiff and her mother traveled on said tickets without incident to Ft. Worth but upon arrival there she was on account of the negligence of said gateman and the brakeman of appellant misdirected by them, and thereby caused to take the train of the latter company for Waco, instead of the I. & G. N. Railway Company, over which she had transportation; that the auditor of appellant, after she and her mother had traveled some two miles from the city upon appellant's train, rudely ejected them therefrom, whereby they were compelled to carry their luggage and walk back to said depot, where, after remaining all day, she took the night train of the I. & G. N. for Waco; alleging that she was greatly humiliated, suffered anxiety and pain, and made sick by reason thereof.

After a general demurrer and general denial, appellant expressly denied the acts of negligence complained of, both in the matter of causing the plaintiff to enter the wrong train and in the matter of causing her to disembark therefrom; and likewise pleaded that she was guilty of contributory negligence in boarding said train, as well as returning to said station. Appellant also pleaded that said Ft. Worth depot was owned by the Texas & Pacific Railway Company, and that it and other companies used the same under a contract with said Texas & Pacific Company, whereby the latter company retained exclusive control and management of the employés in said station, as well as the right to establish rules and regulations governing their conduct, and that said gateman was an employé of said Texas & Pacific Company, and that if it should be found that plaintiff was induced to board the wrong train by reason of the negligence of said gateman, then appellant, in the event judgment was rendered against it, prayed judgment over against the Texas & Pacific Railway Company for like amount.

The defendant Texas & Pacific Railway Company, answering, adopted the general demurrer and general denial and plea of contributory negligence of appellant; and further denied its liability to appellant under the alleged agreement to use its depot on account of any act of negligence of said gateman, and pleaded that if appellee entered the wrong train, it was owing to the negligence of appellant's brakeman.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee against appellant for the sum of $100, but the court instructed a verdict in behalf of the Texas & Pacific Company, from which judgment appellant prosecutes this appeal.

The evidence shows that Mrs. Humphries and mother reached Ft. Worth on the night of the 28th of October, and early the next morning went to the union depot, where she inquired of the ticket agent as to when her train left for Waco, and he referred her to the gateman for information. She then went to him and told him that she wanted to go to Waco that morning, and wanted him to put her on the right train. He informed her that the train was late, but that upon its arrival he would do so. Later on she stated that she went to the gate to pass out, having her ticket in her hand, and asked the gateman what train she should take. He declined to look at her ticket when offered, stating that it was unnecessary for him to do so, but directed her to board the train of appellant. Still having her ticket in her hand, she approached the brakeman at the

entrance, who likewise did not examine her ticket, and asked if that was the Waco train, and receiving an affirmative reply, she and her mother boarded the train; that soon thereafter the train started, and when out about two miles from the depot, the auditor came around to take up tickets. After looking at the tickets, he stated: "You are on the wrong train." "Whereupon I said, 'I don't see why I should be on the wrong train, when the gateman told me to get on it.' He reached up, pulled the bell twice and stopped. He said, 'You get off this train; you are on the wrong train.' Picking up my satchel and throwing it as far as he could towards the door, he then came back and jerked me up by the arm, saying that he had no time to wait, and compelled me to get off the train." She and her mother after disembarking, after considerable delay and anxiety, found their way back to the station. The conductor refused, upon her request, to take her back to the depot or on to the next station. She did not have sufficient money with which to pay her way on to Waco. By reason of all that occurred she was made sick, etc.

[1] During the progress of the trial two witnesses on behalf of the Texas & Pacific Railway Company were permitted, over appellant's objection, to testify that it was customary for appellant's brakeman at said union depot, before permitting passengers to enter its trains, to inspect their tickets, for the purpose of ascertaining whether they were entitled to ride thereon. Appellant by its first and second assignments insists that the admission of this testimony was error on the ground that it was immaterial and irrelevant to any issue in the case. We think the objection was not well taken and was properly overruled.

[2] By the third and fourth assignments appellant urges that the court erred in peremptorily instructing a verdict in behalf of the Texas & Pacific, insisting that the court should have submitted to the jury the issue as to appellant's right to recover against said Texas & Pacific on its plea for contribution as between said two companies. We differ with appellant in this contention. The general rule seems to be that there is no right of contribution between tort-feasors. There is an exception, however, to this rule: Where the party seeking recovery against the other joint tort-feasor is not in the wrong, or only passively so, it is held that he may recover. This principle, however, is never applicable where both parties are in the wrong, or where the act of the one seeking the recovery was the proximate cause of the injury. See Railway v. Railway, 83 Tex. 509, 18 S. W. 956; M., K. & T. Ry. Co. v. Vance, 41 S. W. 167; Houston & Texas Central Railroad Co. v. Williams, 31 S. W. 556; Ry. v. Ry., 47 Tex. Civ. App. 304, 105 S. W. 829.

In the present case it clearly appears that appellant's brakeman was guilty of negligence in not examining the ticket when appellee was boarding the train. It seems that it was ordinarily his custom to do so. The slightest examination would have shown him that she was about to board the wrong train. Besides, appellant was further guilty of negligence in ejecting appellee from the train. In these respects it was the principal wrongdoer; and certainly, under no rule of law, could it be entitled to recover contribution over against its codefendant even if it were granted that it was likewise guilty of negligence in causing appellee to board said train.

[3] But we are inclined to believe in this case, under the evidence, that so far as the general public was concerned, the gateman was the agent of appellant as well as of the Texas & Pacific Railway Company, and that appellant was responsible for his negligence. It is true that the evidence shows that he was employed by the former company, and under its control; but it is also shown that appellant was entitled to his services, and that it was his duty to attend said gate, and direct passengers to their respective trains. He was therefore held out to the public by appellant as its agent in this respect, whereby appellant was responsible for his acts of negligence, if any, for which reason we think the court did not err in instructing a verdict in behalf of the Texas & Pacific Railway Company on said issue.

[4] The fifth assignment complains that the court erred in instructing the jury that it was the duty of the employé of appellant, in causing plaintiff to disembark from its train, to use a very high degree of care and to cause her to disembark at such place as a very cautious or prudent person would choose, under the same or similar circumstances; insisting that it thereby placed upon appellant a greater burden in this respect than was imposed by law, in that he was only required to exercise ordinary care in causing her to disembark, etc. This charge was predicated upon the theory that appellee, at the time that she was ejected, was a passenger upon said train. We think this theory is correct. Appellee occupied the position of a passenger, notwithstanding the fact that she had no ticket over appellant's road at the time. She had taken the wrong train, it is true, but this was through no fault of hers, but was occasioned by the wrongful act and conduct of appellant's servants. This being true, she occupied towards said company the attitude of a passenger, and it was required to exercise that very high degree of care towards her that the law requires common carriers to exercise towards their passengers. See I. & G. N. Ry. Co. v. Gilbert, 64 Tex. 536; Railway v. Smith (Sup.) 1 S. W. 566; Railway v. Rather, 3 Tex. Civ. App. 72, 21 S. W. 957; Gary v. Railway, 17 Tex. Civ.

App. 129, 42 S. W. 577; Railway v. Powell, 40 Ind. 37.

Finding no error in the record, the judgment of the court below is affirmed.

Affirmed.