## ST. LOUIS S. W. RY. CO. OF TEXAS v. FORD. (No. 2493.)

(Court of Civil Appeals of Texas. Texarkana Jan. 26, 1922.)

**1. Railroads �köm348(6)—Evidence held to show negligence after discovering wagon driver's peril.**

In an action for injuries to one driving a wagon struck by a train, evidence *held* to justify the jury's finding that defendant's engineer was guilty of negligence in failing to slacken the speed and give timely warning after he discovered the driver's peril.

**2. Railroads ⊭⊃351(2) — Special charge on trainmen's right to assume traveler will exercise care held properly refused.**

A special charge that trainmen have the right to assume adult travelers approaching a crossing will exercise proper care and stop, *held* not essential to a determination of the issues of contributory negligence and discovered peril, and therefore properly refused.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Suit by William Henry Ford against the St. Louis Southwestern Railway Company of Texas. Verdict and judgment for plaintiff, and defendant appeals. Affirmed.

Marsh & McIlwaine, of Tyler, E. B. Perkins, of Dallas, and W. R. Stephens, of Gilmer, for appellant.

Simpson, Lasseter & Simpson, of Tyler, for appellee.

HODGES, J. This suit was brought by the appellee, William Henry Ford, against the railway company to recover damages for the death of his wife and for personal injuries to himself resulting from a collision at a crossing on a public street in the town of Gilmer. The appellee lived in the country, and, in company with his wife, was traveling in a wagon. After delivering some country produce at a house near appellant's railway, Ford and his wife started home. The track of the railway company at that point runs north and south. The street on which Ford was traveling runs east and west. The locomotive of a south-bound train struck the

wagon, killed the appellee's wife, and injured him. In a trial before a jury a verdict was rendered in Ford's favor for $1,000.

The appellee alleged the usual grounds of negligence in such cases and discovered peril. The appellant relied upon a general denial and contributory negligence. The case was submitted to a jury upon special issues covering the different phases of negligence and discovered peril. The jury found that appellee was guilty of contributory negligence, thereby eliminating all issues except that of discovered peril. The findings of the jury upon those issues were, in substance, as follows: (1) That the engineer in charge of the locomotive saw the plaintiff approaching the crossing, and discovered that he would likely go upon the track, in time to have stopped or lessened the speed of the train and thereby prevent a collision had he exercised ordinary care to use every means at his command consistent with the safety of the train; (2) that the engineer saw the plaintiff approaching the crossing, and discovered that he would likely attempt to cross and not be able to do so with safety, a sufficient distance from the crossing to have warned him of the approach of the train by blowing the whistle or ringing the bell, or by both, before the plaintiff went upon the track. The jury further found that the engineer failed to use ordinary care to warn the plaintiff by blowing the whistle or ringing the bell in time to have prevented the plaintiff from going on the crossing or into a place of danger.

[1] In different forms the appellant presents the contention that the evidence does not support the finding of the jury upon the issues submitted. While the testimony is conflicting in some material respects, the evidence was sufficient to justify the jury in concluding that the engineer in charge of the train discovered Ford driving in his wagon toward the crossing when the locomotive was over 700 feet away; also that when the train was more than 200 feet distant the engineer saw that Ford was intending to go upon the track and that he would likely be injured. The evidence taken in its entirety supports the conclusion that the engineer failed to do what he might have done with safety under the circumstances, in warning Ford of the approach of the train or in reducing its speed. The undisputed evidence shows that the wagon was struck near its rear end, and Ford was whipping his team to escape the threatened collision. This warrants the inference that a delay of even one or two seconds might have enabled Ford to escape. Such a delay might have been caused had the engineer used more diligence in applying his brakes. The train was composed of two passenger coaches, a baggage car and an express car, and was traveling, according to the engineer, at about 18 miles an hour. When the train was stopped after the accident more than half of it had passed over the crossing. The body of Ford's wife had been thrown 60 feet from where the wagon was struck. The track at that point was slightly upgrade and only a short distance from the station. One witness testified that a train going at the rate at which the engineer said he was traveling at that point could have been stopped within the length of one rail, or approximately 30 feet. While that testimony was disputed, it was sufficient to form the basis of the jury's conclusion that proper care was not exercised after discovering Ford's perilous situation to either slacken the speed of the train or to give him timely warning by blowing the whistle.

[2] Appellant also contends that the court should have given some special charge instructing the jury as to what the engineer in charge of the train had a right to presume adult persons approaching a crossing would do in order to avoid a collision. These are based upon the proposition that the trainmen have a right to assume, under ordinary circumstances that parties approaching a crossing will exercise proper care for their own safety and will stop before going into a place of danger. That charge was not essential to a determination of the issues submitted by the court. The form of the issues submitted did not call for such an explanation. Ford had a right to cross the track at this point. He was not a trespasser. And the jury concluded that the engineer discovered that he was actually going into a perilous situation in time to have done something to avert the accident.

The judgment will therefore be affirmed.