## NORTHERN TEXAS TRACTION CO. v. WOODALL et al.   (No. 11685.)* '

Court of Civil Appeals of Texas. Fort Worth.
March 5, 1927.

Rehearing Denied April 9, 1927.

1. **Negligence** ⊏⊐136(30)—**Evidence of common enterprise between passenger and driver of automobile colliding with street car held insufficient for jury.**

In action against street railway and automobile driver for injuries sustained by passenger in automobile in collision between street car and automobile, evidence of common enterprise between plaintiff and driver of automobile so as to charge him with driver's negligence *held* insufficient for jury.

2. **Negligence** ⊏⊐93(1) — **Passenger with no control over person operating vehicle is not chargeable with his contributory negligence.**

One who is riding in a conveyance driven or operated by another person, over whom he has no control and where there is no relation between them, upon being injured is not chargeable with contributory negligence of one in charge of vehicle, if he used ordinary care to avoid injury.

3. **Negligence** ⊏⊐93(1)—**"Joint enterprise" charging passenger with negligence of automobile driver requires equal right to exercise control over conduct.**

In order to constitute a joint enterprise between passenger and driver of automobile so as to charge passenger with contributory negligence of driver, there must be a joint interest or community of interest in purpose of undertaking and equal right express or implied to exercise some control over conduct of each other in respect thereto.

4. **Trial** ⊏⊐328 — **Recovery cannot be had against joint defendant after finding of no negligence as alleged unless verdict sustained such allegation.**

Where jury in action against automobile driver and street railroad jointly for injuries resulting from collision between street car and automobile found that automobile driver was not negligent on only ground of negligence alleged by plaintiff, recovery could not be had against such defendant unless verdict sustained allegation of negligence by it made.

5. **Appeal and error** ⊏⊐880(3)—**Defendant alleged to be joint tort-feasor cannot complain of court's action in refusing to render judgment against other defendant (Rev. St. 1925, art. 2212).**

Where defendants in action for injuries sustained in collision between automobile and street

car were alleged to be joint tort-feasors, one defendant cannot complain of action of trial court in refusing to render judgment against its joint defendant, in view of Rev. St. 1925, art. 2212, since one of two joint, active tort-feasors cannot recover of another likewise guilty of wrong.

**6. Trial ⊶352(5)—Submitting issue of motorman's negligence in operating street car held not erroneous as assuming operation at excessive speed.**

In action for injuries resulting from collision between street car and automobile, submission of issue relative to negligence of motorman operating street car at rate of speed which jury might find it was being operated *held* not erroneous as assuming that motorman was operating car at excessive rate of speed.

**7. Trial ⊶352(5)—Submitting issue of motorman's negligence in not sooner applying brakes after seeing automobile moving towards tracks held not erroneous as assuming brakes could have been applied sooner.**

In action for injuries sustained in collision between automobile and street car, submission of issue as to negligence of motorman in not sooner applying brakes after seeing automobile *held* not erroneous as assuming that brakes could have been sooner applied, in view of evidence raising issue as to negligence of motorman in not applying brakes after seeing automobile in close proximity to track.

**8. Trial ⊶252(8)—Refusal of special charges relative to issue shown to be true by uncontradicted evidence held not error.**

In action for injuries received in collision between street car and automobile, refusal of special charges relative to automobile driver's accelerating speed and driving in front of street car *held* not erroneous, in view of uncontradicted evidence to effect that he did so with thought that it was the best thing for him to do under circumstances.

**9. Trial ⊶232(3)—Instruction excluding from jury's consideration attorneys' fees and costs of litigation held not erroneous.**

Instruction in action for injuries to effect that attorneys' fees and costs of litigation should not be considered *held* not erroneous as being suggestive that plaintiff would have to pay litigation fees, where number of items of expense were properly excluded from jury's consideration.

**10. Trial ⊶232(2)—Instruction that jury need not answer question as to compensation for injuries unless finding negligence held not erroneous.**

Instruction that jury need not consider question as to reasonable compensation for plaintiff's injuries unless they had answered certain questions involving negligence on part of defendant *held* not erroneous, since jury need not undergo needless labor and effort for purpose of passing on questions which have become immaterial by reason of answers to other questions.

**11. Damages ⊶216(4)—Charge on measure of damages limiting consideration to that resulting from negligence found held not erroneous.**

Charge on measure of damages in personal injury action stating that jury need not consider any except as they believed were proximately caused by negligence found *held* not erroneous.

**12. Trial ⊶252(20)—Charge on measure of damages limiting recovery to negligence found held not erroneous as permitting damages resulting from negligence not alleged.**

Charge on measure of damages limiting recovery to that resulting from negligence found *held* not erroneous as permitting jury to award damages for injuries not alleged and on account of negligence not alleged, where acts of negligence alleged as supported by testimony were submitted in special issues, and compensation was limited by such charge to damages arising out of injuries found as proximately resulting from defendant's negligence.

**13. Negligence ⊶93(1)—Negligence of automobile driver held not to affect passenger's right to recover for injuries by street car.**

Negligence of driver of automobile over whom passenger had no control *held* not to affect passenger's right to recover against street railroad for injuries sustained in collision between street car and automobile.

**14. New trial ⊶56—Juror's statement relative to fact that he carried insurance on men held not to require new trial.**

Conduct of juror in stating that he carried insurance on all his men *held* not to require new trial, in view of evidence to effect that jurors were not influenced in arriving at amount of damages finally agreed upon.

On Appellant's Motion for Rehearing.

**15. Trial ⊶350(7)—Refusal to submit issue of automobile driver's negligence being sole proximate cause of collision with street car held not erroneous under circumstances.**

In action against street railway and driver of automobile for injuries received by passenger in automobile in collision, refusal to submit issue relative to negligence of automobile driver being sole proximate cause of collision *held* not erroneous, in view of affirmative finding of motorman's negligence in not sooner applying brakes after discovering peril of automobile approaching track and that such negligence was a proximate cause of injury.

Dunklin, J., dissenting.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Action by W. R. Woodall against the Northern Texas Traction Company and another. Judgment for plaintiff against defendant named, and defendant named appeals. Affirmed.

Capps, Cantey, Hanger & Short, Mark McMahon, W. D. Smith, and E. A. McCord, all of Fort Worth, for appellant.

---

⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Houtchens & Clark, Bryan, Stone, Wade & Agerton, and McLean, Scott & Sayers, all of Fort Worth, for appellees.

BUCK, J. J. W. R. Woodall sued the Northern Texas Traction Company and M. J. Bonner, jointly and severally, in damages for personal injuries alleged to have been sustained in a collision between an automobile driven by Bonner and a street car owned by appellant at the intersection of Page and Hemphill streets in the city of Fort Worth, on June 27, 1923. Plaintiff alleged that he was riding in an automobile owned and driven by Bonner while said automobile was being driven in an easterly direction on Page street; that a street car owned by appellant and being operated on Hemphill street and going south ran into and collided with said automobile, and that by reason thereof he sustained certain personal injuries. He alleged that appellant was guilty of negligence in that the operator of the street car approached the intersection of Page and Hemphill streets without giving any warning and without stopping or attempting to stop the street car, and in driving said street car at an excessive rate of speed.

Plaintiff further alleged that as the automobile of Bonner approached the intersection of Page and Hemphill streets it became necessary for the said Bonner to make a turn to the left, and that in so approaching said street car track Bonner discovered the approach of the street car, and at the rate of speed at which Bonner was driving he could, by the exercise of ordinary care, have stopped said automobile in plenty of time to have allowed the street car to pass, and, had said Bonner done so, the accident would not have happened. He also alleged that Bonner was guilty of negligence in this respect: That as he slowly approached the street car track he brought his automobile to almost a complete stop, and that by his said movement the plaintiff thought that Bonner was going to check the speed of his automobile so as to allow the street car to pass, but that Bonner, just about the time he approached, or immediately after approaching Hemphill street, suddenly lurched forward and accelerated the speed of his car and attempted to cross the track, and that Bonner was negligent in this respect in not holding his car within a rate of speed so that he could have stopped the same before going upon the tracks of appellant.

Plaintiff further alleged that he did not own and had no interest in said automobile and had no control over the same or over the driver thereof, and alleged that he was riding as a mere guest of the said Bonner, and the said Bonner having agreed and undertaken to transport plaintiff from a point on Fifth avenue to a point on Jennings avenue, it was the duty of Bonner to transport him in a careful and prudent manner to his destination and to deliver him in safety. He prayed for judgment against the Northern Texas Traction Company and said Bonner, jointly and severally.

Defendant Northern Texas Traction Company, after a general denial, alleged contributory negligence on the part of plaintiff in failing to look and listen for the street car, and that if he had looked and listened he could have seen and heard the street car approaching and he could have warned Bonner, and his failing so to do was negligence. Defendant further pleaded that plaintiff and defendant Bonner were at the time of the accident engaged in a joint mission and enterprise, and that the negligence of defendant Bonner, which was the direct and proximate cause of the collision in question, was imputable to plaintiff. It further alleged that Bonner failed to look and listen for the approaching street car, and, before changing the course of his automobile or attempting to drive across Hemphill street and across appellant's track, that it was the duty of Bonner to ascertain if such movement could be made in safety to himself and the plaintiff; that it was also the duty of Bonner to have his automobile under proper control and to operate the same at such a rate of speed so that he could bring the same to a stop or slow down before coming in contact with appellant's street car, but that said Bonner failed and refused to look and listen for a street car, and failed to have his automobile under control, and drove the said automobile at a negligent and careless rate of speed upon the tracks of appellant immediately in front of appellant's street car; that all of said acts of negligence were the sole, direct, and proximate cause of the accident and collision in question.

Defendant Bonner pleaded a general denial and a general demurrer, and further pleaded that, as he approached Hemphill street, going east, that he had looked north and south, and, not observing any approaching car, undertook to drive across said street and over across defendant's street car tracks; that he was driving at a rate of speed not exceeding six miles an hour; that as he approached the track, he suddenly discovered a car on the defendant's track bearing down upon him at a rate of speed of about 20 miles per hour, and at that time was within 25 feet of defendant Bonner's automobile; that upon the discovery of the imminent danger, he concluded that he would not have space to stop his automobile before it got on the tracks, and therefore attempted to pass across the tracks, accelerating the speed of the automobile in order to do so, but the defendant's street car struck his automobile near the rear thereof and inflicted the injury of which complaint is made. He alleged that in so determining he acted on the peril of the moment and did the thing that he thought was the best and only thing he could to prevent injury to himself and to the others in his automobile.

The cause was submitted to a jury on special issues, and the jury found: (1) That it was negligence on the part of the motorman of the street car to operate it at the rate of speed it was being operated upon the occasion in question; (2) that such negligence was the proximate cause of the injuries of plaintiff; (3) that the motorman of the street car was negligent in not applying sooner his brakes to the street car after he saw Capt. Bonner's car moving toward the street car tracks; (4) that such negligence was the proximate cause of plaintiff's injuries; (5) that defendant Bonner was negligent in his conduct in regard to not keeping a lookout for street cars on the occasion involved in this suit; (6) that such negligence was a proximate cause of plaintiff's injuries; (7) that conduct of defendant Bonner in driving his automobile on the street car track after he saw the street car was not negligence; (8) that the collision in question was not an unavoidable accident; (9) that the plaintiff was entitled to $4,500 damages. Upon this verdict the court entered judgment for plaintiff as against the defendant traction company, and judgment for defendant Bonner. From this judgment the defendant traction company has appealed.

## Opinion.

In various ways appellant urges that the undisputed evidence shows that the plaintiff and defendant Bonner were engaged in a common, joint enterprise at the time of the collision, and that the trial court erred in failing to give defendant's specially requested peremptory instruction, or at least in failing to submit to the jury an issue involving the question; that if Bonner and Woodall were engaged in a common enterprise at the time of the collision, the negligence of Bonner, which the jury found, in failing to keep a lookout for the street car, must be imputed to Woodall, and he would thereby be precluded from a recovery. Appellee answers these propositions by stating: That the plaintiff did not plead that Bonner was guilty of negligence in not keeping a lookout for the street cars, but pleaded that in the exercise of ordinary care Bonner could have stopped said automobile in plenty of time to have allowed the street car to pass the point of contact before his automobile reached said street car track. Therefore there was no pleading of plaintiff authorizing the submission of the issue of Bonner's negligence in failing to keep a lookout for said street car. That since there were no pleadings, the findings of the jury in answer to such issue afforded no basis for judgment in favor of plaintiff, and the trial court properly ignored them in rendering his judgment. The jury did find that Bonner was not guilty of negligence in attempting to cross the street car track after he discovered the approaching car. Appellee cites such cases as S. A. & A. P. Ry. Co. v.

De Ham, 93 Tex. 74, 53 S. W. 375; Mo. Pac. Ry. Co. v. Hennessy, 75 Tex. 155, 12 S. W. 608; T. & P. Ry. Co. v. French, 86 Tex. 96, 23 S. W. 642; Johnson v. G. H. & N. Ry. Co., 27 Tex. Civ. App. 616, 66 S. W. 906, writ of error refused; and the case of G., C. & S. F. Ry. Co. v. Pool, 10 Tex. Civ. App. 682, 31 S. W. 688, by this court.

While as to plaintiff's right of action against defendant Bonner we are inclined to think that the authorities are in point. But as to appellant's plea over against Bonner, it appears that the appellant did plead negligence on the part of Bonner in not looking and listening for an approaching street car before changing his course or attempting to drive across Hemphill street, etc. But such allegation, and the finding of the jury thereon, would not affect the question involved in the first four assignments, which are, as before stated, upon the question of defendant Bonner and plaintiff being engaged in a common enterprise, and that therefore any negligence of Bonner should be imputed to plaintiff.

[1-3] We do not think that the evidence raises the question of common enterprise. Plaintiff's testimony was to the effect that he and his son-in-law, J. P. Colville, were engaged in doing some work at Mr. Bonner's home on Fifth avenue; that when they completed the work, plaintiff said: "Mr. Bonner, I want to use your phone to call our man to haul our tools off." Mr. Bonner replied: "No use; I am going over there with my car, and you can just put your tools in my car, and I will carry you over. I am going over there anyhow." Captain Bonner's testimony on this point was that it was his recollection that Mr. Colville asked Mr. Woodall to go to the telephone and get a dray or wagon or something to carry the tools over to another house owned by Capt. Bonner on Jennings avenue, where they were to do some work; that the plaintiff said that the "old gentleman" would carry them over there; that he did not appreciate the reference to him as the "old gentleman"; that he went out to where the men were and told Colville that he did not think they could put the tool chest in his car, and that Colville replied that they could put in on the running board and he would hold it; that thereupon they started to Jennings avenue, Mr. Woodall holding the tool chest on the running board and Mr. Colville holding Bonner's violin, and both being on the rear seat and Bonner driving on the front seat. One who is riding in a conveyance driven or operated by another person over whom he has no control, and where there is no relation between them, such as parent and child, or master and servant, upon being injured is not chargeable with contributory negligence of the one in charge of the vehicle. See G., H. & S. A. Ry. Co. v. Kutac, 72 Tex. 643, 11 S. W. 127; T. & P. Ry. Co. v. Curlin, 13 Tex. Civ. App. 505, 36 S. W. 1003, writ de-

nied; M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956. In order to constitute a joint enterprise, as used in this connection, there must be a joint interest or community of interest in the purpose of the undertaking, and an equal right, express or implied, to exercise some control over the conduct of each other in respect thereto. We do not think there is any evidence to support a conclusion that in driving from Fifth avenue, to Jennings avenue the plaintiff below had any right, either expressed or implied, to direct the movements of Capt. Bonner. The negligence, if any, of the driver of the vehicle in which appellee was riding, could not be imputed to appellee, if he used ordinary care to avoid the injury. G., H. & S. A. Ry. Co. v. Kutac, supra. The jury found that appellee used ordinary care to keep a lookout for the street car just prior to the collision, and under the testimony of neither Bonner nor plaintiff below, and his witness Colville, did the testimony show that plaintiff had any control over Bonner in the management of the car. We conclude that the evidence failed to raise the question of a common enterprise, and that the court did not err in failing to give a charge thereon.

[4] In propositions 3, 6, and 7, appellant urges that since the jury found that Bonner was negligent in not keeping a lookout for street cars on the occasion in question, and that such negligence was a proximate cause of the injury to plaintiff, that the trial court erred in rendering judgment for defendant Bonner and in rendering judgment for plaintiff against the appellant here. The jury found that defendant Bonner was not negligent in going upon the track immediately before the collision, and that was the only ground of negligence alleged by plaintiff below; therefore the plaintiff could not recover against Bonner, unless the verdict sustained the allegation of negligence by it made. As to the issue between appellant and his codefendant Bonner, on appellant's plea over, a different situation is presented. Appellant did plead that Bonner was negligent in failing to keep a proper lookout for the street cars, and the jury found that he was so negligent and that such negligence was a proximate cause of the injury.

[5] We are of the opinion that no reversible error is shown in the action of the trial court in rendering judgment in favor of the defendant Bonner. Even though the plaintiff might complain at the action of the trial court in refusing to render judgment against the defendant Bonner or set aside the finding of the jury, we do not think that the appellant is in a position to complain of this action. The two defendants were alleged to be joint tort-feasors, and that their negligent acts, jointly and severally, or both, were the proximate cause of plaintiff's injuries. It is a well-settled rule that one of two joint active tort-feasors cannot recover of another like-

wise guilty of wrong. Fort Worth & Denver City Ry. Co. v. C., R. I. & G. Ry. Co., 47 Tex. Civ. App. 304, 105 S. W. 829, by this court, writ of error denied; Pullman Co. v. McGowan (Tex. Civ. App.) 210 S. W. 842; Lottman v. Cuilla (Tex. Civ. App.) 279 S. W. 519; Mosher Mfg. Co. v. Eastland Ry. Co. (Tex. Civ. App.) 259 S. W. 253; G., H. & S. A. Ry. Co. v. Pigott, 54 Tex. Civ. App. 367, 116 S. W. 841, writ denied; N. Tex. Traction Co. v. Caldwell, 44 Tex. Civ. App. 374, 99 S. W. 869, writ denied, by this court; and in the case of St. L. S. W. Ry. Co. v. Black, 49 Tex. Civ. App. 390, 109 S. W. 410, tried before then District Judge Dunklin and opinion written by Chief Justice Conner of this court, the court said:

"At most the action taken by the belt and stockyard companies after notice of those accompanying the cattle was wrongful as against appellee, and appellant's undisputed negligence entering into the result precludes any right of recovery against one or more of its joint wrongdoers. Although each may have been liable to appellee for the whole, the fact that appellant alone was held liable gives it no ground for complaint here. As said by us in the case of Fort Worth & Denver City Ry. Co. v. Chicago, Rock Island & Gulf Ry. Co. [47 Tex. Civ. App. 304] 105 S. W. 829: 'It is a well-established rule that one concerned in the commission of a wrong cannot recover of another likewise guilty thereof.'"

The negligence complained of by plaintiff against both of the defendants was an active negligence, and so the negligence complained of by appellant in its plea over against the defendant Bonner was active. There might be cases where the negligence complained of by the plaintiff was an active negligence as against one and a passive negligence as against the other, and the defendant against whom or it only passive negligence was charged might be entitled to a recovery against the active wrongdoer. But such are not the facts in the instant case, and we conclude that no reversible error is shown. See article 2212 on "Contribution between Tort-Feasors"; 1925 Revised Civil Statutes; and Parks v. Schoellkopf Co. (Tex. Civ. App.) 230 S. W. 704; Mosher Mfg. Co. v. Eastland, W. F. & G. Ry. Co. (Tex. Civ. App.) 259 S. W. 253.

[6] Appellant objected below to the giving of the following special issue:

"Was it negligence, as that term is defined to you, on the part of the motorman of the street car, to operate the street car at the rate of speed at which you may find the same was being operated upon the occasion of the collision in question? Answer Yes or No."

Defendant objected to the submission of the issue on the ground that it was on the weight of the evidence and assumes that said street car was being operated at a negligent rate of speed, and said issue, as framed and submitted by the court, was reasonably calculated to make the jury believe that the court

was of the opinion that the rate of speed at which the street car was being operated was a negligent rate of speed. Appellant relies in part on the case of Hines v. Popino (Tex. Civ. App.) 235 S. W. 1095, in an opinion written by the writer hereof, though he dissented. In the cited case the following special issue was submitted:

"Was the defendant Walker D. Hines, agent designated by the President, guilty of negligence, as that term has been heretofore defined, in permitting the track or switch to be in the condition you may find from the evidence that they were in at the time of the wreck in question?"

Owing to the fact that the plaintiff in the cited case alleged a defective condition in the track and switch, and no evidence was introduced to support any negligence except as to the condition of the switch, the court said:

"It is the view of the majority that in the pleadings, evidence, and charge the terms 'track' and 'switch' are treated separately and not interchangeably, and that the term 'permit' implies a conscious assent to the conditions found. So considering these terms, the majority is of the opinion that the charge under consideration is on the weight of the evidence, in that by implication it assumes that the track was out of order when there is no evidence that it was so, and when the evidence conclusively shows that the accident was not caused by reason of any defect in the track, and also assumes that the defendant permitted the track or switch to be in the condition shown by the evidence when there is no evidence of when the switch became tampered with or out of order, or that defendant had any prior knowledge that it was out of order."

But no such situation is shown in the instant case. The question as to whether the speed with which the street car was being operated at the time and immediately before the accident was negligence was a question of fact for the jury. The court did not assume that the motorman was operating the street car at an excessive rate of speed, and we think the issue is not subject to the objection made. See Mansfield Milling Co. v. Williams Patent Crusher Pulverizer Co. (Tex. Civ. App.) 278 S. W. 343; T. & P. Ry. Co. v. Perkins (Tex. Civ. App.) 284 S. W. 683, writ denied. Therefore we overrule propositions 8, 9, 10, 11, 12, and 13.

[7] The court submitted the following special issue:

"Was the motorman of the street car negligent, as that term is defined to you, in not applying sooner his brakes to his street car, after he saw Capt. Bonner's car moving toward the street car tracks?"

Defendant objected to the submission of this issue on the ground that it placed a greater burden on it than was placed by law, in that the motorman of the street car in operating the same would have a right to assume that the defendant Bonner would not attempt to cross immediately in front of a moving street car, and, particularly, when the evidence showed, or tended to show, that Bonner slowed his automobile down as he neared Hemphill street to a rate of speed not exceeding five miles an hour, and continued such rate of speed until he neared the street car track. It was further objected that the issue was on the weight of the evidence, and assumed that the motorman did not apply his brakes when he saw defendant Bonner's automobile moving toward the street car track, and assumed that the motorman could have applied his brakes sooner. The defendant requested the following instruction in connection with the submission of this issue:

"You are instructed, in connection with issue No. 3 of the main charge, that the operator of defendant's street car had a right to assume that the defendant Bonner would not attempt to cross the track in front of the street car when the same was so close to him that he could not do so in safety, and that he owed the plaintiff and the defendant Bonner no duty to apply his brakes until he realized that the defendant Bonner would attempt to cross in front of the street car."

The plaintiff alleged that the motorman saw the automobile in which plaintiff was riding in time by the exercise of all means at his hands and by the exercise of ordinary care to have stopped said street car and avoided the accident, and that he was negligent in not using all the means at his hands to stop the street car or check his speed and to apply the brakes on the car. The witness McRae, for appellant, testified that he was a passenger on the street car and saw the automobile 50 or 60 feet before it reached the intersection. The operator of the street car testified that he saw the automobile when the street car was 25 or 30 feet from the north corner of the intersection, which was probably 25 or 30 feet from the point of the collision. Plaintiff's witness Baugh, a former motorman, testified that a street car moving at the rate of approximately 20 miles an hour could be stopped in approximately 20 feet. The motorman testified that immediately before the accident the street car in his charge was running at a rate of speed of about 12 or 13 miles an hour, and that he could have stopped the street car at that rate of speed within a car's length, probably not more than 30 feet. Therefore the issue was presented as to whether the motorman was guilty of negligence in not applying his brakes and stopping his street car or slowing the speed when he saw Capt. Bonner's automobile in close proximity to the street car track. We do not think that the issue as submitted was subject to the criticism made by appellant. In the case of Houston, E. & W. Ry. Co. v. Kopinitsch, 282 S. W. 884, the Galveston Court of Civil Appeals held that it was not error to refuse to instruct the jury that operatives of trains approaching crossings had a right to presume that the party approaching the crossing in an

automobile would cross the track in front of a moving train in full view. St. L., S. W. Ry. Co. v. Ford (Tex. Civ. App.) 237 S. W. 655; Austin Elec. Ry. Co. v. Faust, 63 Tex. Civ. App. 91, 133 S. W. 449, in which the court said:

"And so, as alleged in this case, if one be driving a wagon along parallel with and close to a moving car, the motorman might well presume, and be justified in presuming, that the driver of the wagon would not turn suddenly in front of the car, and in close proximity thereto. If, under such circumstances, the jury should find that the negligence of the driver of the wagon was the proximate cause of the injury, it might well be said that the evidence fully sustains the verdict, because the motorman acted upon the pre-sumption that the driver of the vehicle would not thus act, and that he was not guilty of negligence in acting upon such presumption. But this is for the jury, under all of the facts and circumstances of the case, and is a very different proposition from the court's so instructing the jury as a matter of law. There is not wanting authorities holding that such instruction is proper, but we believe that the sounder view is that such an instruction would be upon the weight of the evidence, and so holding, we overrule the railway company's assignment in this regard."

The proposition is overruled, and also propositions 16, 17, and 18, which deal with the same issue submitted.

Propositions 19, 20, and 21 deal with the submission of the following issue:

"Was the conduct of the defendant Bonner in driving his automobile on the street car track after he saw the street car negligence as that term is defined to you?"

[8] Capt. Bonner testified that he did not see the street car approaching until within a few feet of it, and then he saw that he could not stop his car before it reached the track, and then he thought the only and best thing for him to do was to try to get across the track. The jury found that this was not negligence, and we are inclined to agree with the jury on the ground that Bonner, seeing himself in peril, adopted what he, in the exercise of reasonable care and sound discretion, thought was the best and only means to avoid a collision. We do not think that the special charges requested by appellant as to whether Bonner suddenly accelerated the rate of his automobile and drove in front of defendant's south-bound car, etc., was improperly refused, because the evidence was uncontradicted that he did so.

[9] Appellant objects to the instruction of the court in the following words:

"You may not consider and you will not refer in your deliberations to attorneys' fees or costs of litigation or to any other fact which has not been produced from the lips of the witnesses under oath on the witness stand, or by some other legal evidence brought out on the trial of this case."

Defendant objected to this instruction on the ground that it was suggestive and reasonably calculated to make the jury believe that plaintiff would have to pay the costs of litigation and attorneys' fees, and was calculated to influence the jury unconsciously to take into consideration attorneys' fees and costs of litigation. We think the charge as given was proper and that no reasonable objection thereto can be made. A number of items of expense to the plaintiff, excluded from the consideration of the jury, should not have been considered by the jury, and we see no valid objection to so instructing the jury. Therefore propositions 22 and 23 are overruled.

[10] Nor do we think there was any reversible error in the submission by the trial court of the instructions to the jury that unless they had answered certain questions involving negligence on the part of appellant, or at least one of them, they need not answer the question as to the reasonable compensation for plaintiff's injuries. Appellant cites Hovey v. See, 191 S. W. 606, by the Austin Court of Civil Appeals, in which the court said:

"When a case is submitted on special issues, the court is authorized and permitted to give such definitions and explanations as in its judgment may be necessary for the proper disposition of the case, but should not go beyond this. See article 1984a, vol. 2, Vernon's Sayles' Civ. Stats., as amended by the Act of March 29, 1913 (Acts 33d Leg. c. 59). We think in the present case the objection made to sections 11, 12, and 13 of the charge is well founded, because they were not definitions or explanations, but, in effect, advised the jury as to what would be the result of their verdict if they found the existence of certain facts therein stated. The object of submitting a case upon special issues is in order that the jury might find the facts, regardless of what might be the result of their findings. So we think the charges mentioned were objectionable for this reason, and should not have been given. We therefore sustain the ninth assignment presenting this question."

We are not advised as to exactly what was contained in the section of the court's charge referred to in the quotation above, and therefore cannot determine whether the instructions given in the instant case were in conflict with the holding in the Hovey v. See Case. But in Parks Grain Co. v. Gwynn (Tex. Civ. App.) 265 S. W. 1071, it was held that there was no error in the trial court's action in telling the jury that if they answered question No. 1 in the negative, they need not answer question No. 2, which involved, in part at least, plaintiff's cause of action. This case was dismissed by the Supreme Court for want of jurisdiction. Lambert v. Lancaster (Tex. Civ. App.) 259 S. W. 270, writ of error dismissed; Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316; Houston, E. & W. T. Ry. Co. v. Hough (Tex. Civ. App.) 260 S. W. 233, writ of error dismissed. All of

these cases involved the question as to whether the trial court, in submitting the case on special issues, might instruct the jury that in case they answered other question in a certain way they need not answer a certain question submitted. We do not think the special issue statute should be so construed as to require a jury to undergo needless labor and effort for the purpose of passing on questions which have become immaterial by reason of their having answered other questions as they have. Juries are composed of intelligent men, and evidently understand that before a plaintiff can recover for personal injuries, in a case like this, he must show that the defendant was negligent in some respect. We do not think that under the authorities cited any reversible error is shown in the instructions given.

[11] We are of the opinion that no error is shown in the form of the submission of issue No. 10, as complained of under appellant's proposition No. 25. This charge was on the measure of damages, and closed with the following statement:

"You will not in any event take into consideration any of them except as you may believe the negligence you may have found, if any such there was and you have so found, was the proximate cause, as that term is defined to you."

For the reasons stated in disposing of proposition 24, we do not think that this proposition presents error. Nor do we think any error is shown under proposition No. 26.

[12] Appellant urges that issue No. 10, as submitted, was vague, and permitted the jury to award damages for injuries not alleged and on account of negligence not alleged. The acts of negligence alleged by plaintiff, as supported by testimony, were specifically submitted to the jury in special issues, as also the contributory negligence of defendant Bonner and plaintiff. The court limited the compensation to which plaintiff was entitled, if any, to such damages arising out of injuries sustained by him of which the negligence of defendant was the proximate cause. There is no evidence that the jury considered acts of negligence not alleged, nor of injuries sustained not pleaded. The proposition is overruled.

[13] Nor do we think any reversible error is shown in the failure of the trial court to submit appellant's requested issue No. 2. The court did submit the issue as to Bonner's negligence in regard to keeping a lookout for street cars on the occasion involved in this suit. The jury found that he was guilty of negligence. The jury further found that in driving his automobile on the street car track after he saw the street car, he was not guilty of negligence. Moreover, under our view of the case, the question of Bonner's negligence or not did not affect plaintiff's right to recover against the appellant. Therefore, we overrule propositions 27, 28, 29, 30, 31, 32, 33, and 34.

[14] Under propositions 41, 42, and 43 complaint is made of certain alleged misconduct of the jury. This question is raised in appellant's motion for new trial, and the evidence with reference thereto is contained in a bill of exception. One of the jurors, a Mr. Echols, it is stated, said, while the jury were considering their verdict, that he carried insurance on all his men, evidently referring to workmen's compensation insurance, and when said insurance matter was mentioned the foreman instructed the jury not to consider and discuss that feature, as it made no difference to the jury in answering the issues submitted. The record discloses that every time the question of indemnity insurance was raised by Echols, either the foreman or some of the other jurors stated that that matter should not be discussed nor considered. There is no evidence that such insurance matter was considered by the jury in answering the issues, or that the jury were unduly influenced thereby in arriving at the amount of damages finally agreed upon. The two jurors that appellant called to testify upon this matter, H. H. Roberts and J. B. Jordan, testified that they did not consider the question of insurance in any way. When the matter of insurance was first mentioned in the jury room, they had not yet agreed upon the amount of damages, although they had answered practically all, if not all, of the questions involving negligence, contributory negligence, etc. At that time the jury were considerably divided as to what amount should be awarded, some of the jurors being as high as $25,000, while Echols, probably the lowest man, was for $2,325. They finally agreed upon $4,500 as a reasonable and fair compensation. We do not think, on the whole, that any prejudicial error is shown by reason of this conduct of the jury. Houston, E. & W. T. Ry. Co. v. Hough (Tex. Civ. App.) 260 S. W. 233; Wolfe & Co. v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 144 S. W. 347; Fox v. H. & T. C. Ry. Co., 186 S. W. 852, in which the Dallas Court of Civil Appeals said:

"However these things may be, the statute leaves it to the discretion of the trial court to set aside a verdict for misconduct of the jury, and the appellate courts will not interfere with exercise of such discretion, unless it clearly appears that the same has been abused. It has been repeatedly so held by the Supreme Court and Courts of Civil Appeals of this state [citing numerous decisions]. * * * The trial court heard all the evidence introduced at the trial of the case and on the motion for a new trial. He not only heard the witnesses testify, but saw them and 'could form safer conclusions thereby than this court can from the record.'"

To the same effect is M., K. & T. Ry. Co. v. Cornelius (Tex. Civ. App.) 188 S. W. 34, writ of error dismissed; G., H. & S. A. Ry. Co. v. Cook (Tex. Civ. App.) 214 S. W. 539; Ft. W. & D. C. Ry. Co. v. Smithers (Tex. Civ. App.) 228 S. W. 639, affirmed by the Supreme Court

in 272 S. W. 764; H. & T. C. Ry. Co. v. Gray (Tex. Civ. App.) 137 S. W. 729, writ of error refused; G., H. & S. A. Ry. Co. v. Pingenot (Tex. Civ. App.) 142 S. W. 93; Marshall Mill & Elevator Co. v. Scharnberg (Tex. Civ. App.) 190 S. W. 229; Emberlin v. Wichita Falls, R. & Fort W. Ry. Co., 284 S. W. 539, by section A of the Commission of Appeals. In that case the question involved was certain argument of counsel. Apparently to the contrary is Bell v. Blackwell, 283 S. W. 765, by section B of the Commission of Appeals. We have certified to the Supreme Court questions in the case of Hubb Diggs Co. v. Bell,[1] by reason of this apparent conflict between the two sections of the Commission of Appeals. The two cases appear to have been decided on the same day. But we conclude that under the circumstances stated, it is not reasonably probable that the alleged misconduct of this juror improperly influenced the jury, independently of the apparent conflict of the Emberlin Case and the Blackwell Case.

Other questions are presented, but we have carefully considered the same and do not find any reversible error. The judgment of the trial court is therefore affirmed.

### On Appellant's Motion for Rehearing.

[15] Appellant has filed a vigorous and extended motion for rehearing, there being 116 grounds of alleged error. We have carefully considered all of them, but believe, except as to one or two questions raised, we need add nothing to our opinion on original hearing. The main question stressed in the motion is as to the action of the trial court in refusing to submit this issue:

"(1) Did the defendant Bonner exercise ordinary care to keep a proper lookout for defendant's south bound street car just prior to and at the time of driving on defendant's track? Answer yes or no.

"(2) If you have answered the above question in the affirmative, you need not answer this question, but if you have answered it in tne negative, state: Was such negligence on his part, if any you have found, the sole proximate cause of the collision in question? Answer yes or no."

There was submitted to the jury the following issue:

"(5) Was the defendant negligent, as that term is defined to you, in his conduct, if you may believe his conduct was, in regard to keeping a lookout for street cars on the occasion involved in this suit? Answer yes or no. Answer: Yes."

The jury then found that such negligence on the part of Bonner was a proximate cause of the injury to the plaintiff. The jury further found that the conduct of defendant Bonner in driving his automobile on the street car track after he saw the street car was not negligence.

Appellant urges that since it pleaded that the injury to plaintiff below was caused solely by the negligence of Bonner in failing to look and listen for approaching street cars as he approached Hemphill street and to ascertain before changing his course or attempting to drive across Hemphill street and across defendant's track that such movement could be made in safety to himself and the plaintiff, and since the evidence in the case did justify a finding by the jury that defendant Bonner was negligent in the respect mentioned, and, as claimed, that such negligence was the sole proximate cause of the collision and the injury of defendant, that the appellant had the right to have that issue submitted in an affirmative form, and that such issue was not so submitted. Appellant relies in support of this contention on the cases of Texas Electric Ry. Co. v. Sikes, 251 S. W. 589, by the Austin Court of Civil Appeals; G., C. & S. F. Ry. Co. v. Lloyd, 175 S. W. 721, by this court; M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Pettithory v. Clarke & Courts (Tex. Civ. App.) 139 S. W. 989; F. W. & D. C. Ry. Co. v. Taylor (Tex. Civ. App.) 153 S. W. 355; Jones v. M., K. & T. Ry. (Tex. Civ. App.) 157 S. W. 213, and other cases. Neither the Lloyd Case, supra, nor the Sikes Case, supra, has ever been passed on directly by the Supreme Court, no applications for writs of error having been made. But in neither case, apparently, as in this case, did the judgment of the trial court rest upon the affirmative finding by the jury of discovered peril. In this case the jury found that the motorman of the street car was negligent in not applying sooner his brakes to his street car after he saw Capt. Bonner's car moving toward the street car track, and that such negligence was a proximate cause of the injury to plaintiff. In the case of Interstate Casualty Co. v. Hogan, 232 S. W. 354, by the Beaumont Court of Civil Appeals, the court said:

"The finding of the jury that the driver of the jitney was negligent, and that such negligence was the proximate cause of the accident, necessarily involved a finding that the negligence of the driver of the truck, with which the jitney collided, was not the sole cause of Miss Hogan's injury."

In the above case, the court cites in support of its holding the cases of Grundy v. Greene (Tex. Civ. App.) 207 S. W. 964; Eastern Texas Elec. Co. v. Hunsucker (Tex. Civ. App.) 230 S. W. 817; Eastern Texas Elec. Co. v. Woods (Tex. Civ. App.) 230 S. W. 498; McAdoo v. McClure (Tex. Civ. App.) 232 S. W. 348; Railway Co. v. Cook (Tex. Civ. App.) 214 S. W. 539. None of these cases seem to decide exactly the question involved in the Hogan Case, nor in this case, but they are persuasive in that at least some of them are to the effect that where a finding upon some certain issue necessarily precludes a finding upon other issues tendered and refused, that the failure to submit the tendered issue is not.

[1] 296 S. W. ——.

prejudicial error. For instance, in G., H. & S. A. Ry. Co. v. Cook, supra, the court held that it was not prejudicial error to refuse the submission of an issue as to whether the injury was caused by an unavoidable accident, where the jury found that the defendant was negligent and that its negligence was the proximate cause of the injury; the issue of unavoidable accident being comprehended within the issue of negligence. To the same effect is the case of Eastern Texas Elec. Co. v. Hunsucker, supra. If, under the evidence, the judgment may rest entirely on the finding of the jury as to discovered peril, then it becomes immaterial as to whether the defendant Bonner was guilty of negligence or not, even though such negligence might be found by the jury to be the sole proximate cause of the injury to plaintiff. We think that the court should avoid, as much as possible, in its submission of issues to the jury, the submission of issues upon which the jury might reach conflicting findings. Humble Oil & Refining Co. v. McLean, by the Commission of Appeals, 280 S. W. 557, in which the court said:

"We suggest that the court so frame the special issues on this subject that they will not be calculated to confuse the jury or result in apparently conflicting findings, or give undue prominence to matters in issue."

On the whole, we conclude that appellant's motion for rehearing should be overruled, and it is accordingly ordered.

DUNKLIN, J. (dissenting). Upon a further consideration, the writer has reached the conclusion that appellant's assignment of error, to the refusal of the trial court to submit the issue as to whether or not the defendant Bonner's negligence in failing to keep a proper lookout for street cars on the occasion of the accident in controversy was the sole proximate cause of the collision in question, should be sustained. The court did submit the issue as to whether or not Bonner was guilty of negligence in that respect and whether such negligence was a proximate cause of the accident, to both of which issues the jury returned answers in the affirmative. The appellant specially pleaded that such negligence on the part of Bonner was the sole proximate cause of the collision and the injury resulting to plaintiff therefrom.

It is a well settled rule of decisions of this state that a defendant has the right to an affirmative presentation to the jury of any fact or specified group of facts relied on in his pleadings as a defense, which, if true, would establish such defense. The leading decision is M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058. The rule announced in that decision has been uniformly followed in many other decisions, both by the Supreme Court and Courts of Civil Appeals, such as Fox v. Dallas Hotel Co., 111 Tex. 461,

240 S. W. 517; Id. (Tex. Civ. App.) 196 S. W. 648; St. L. S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Fort W. & D. C. Ry. Co. v. Taylor (Tex. Civ. App.) 153 S. W. 355; Jones v. M., K. & T. Ry. Co. (Tex. Civ. App.) 157 S. W. 213; G., C. & S. F. Ry. Co. v. Loyd (Tex. Civ. App.) 175 S. W. 721; Texas Electric Ry. Co. v. Sikes (Tex. Civ. App.) 251 S. W. 589; Gammage v. Gamer Co., 213 S. W. 930, by Commission of Appeals, whose conclusions were adopted by the Supreme Court; Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942, and many other cases which might be cited.

In the case of Gammage v. Gamer Co., 213 S. W. 930, noted above, plaintiff was allowed a recovery upon a finding of negligence on the part of defendant in a single respect, and the judgment was reversed by our Supreme Court for the sole reason that the court refused defendant's requested instruction presenting the negative of that issue. The two decisions noted above, Texas Electric Ry. Co. v. Sikes, 251 S. W. 589, by the Austin Court of Civil Appeals, and G., C. & S. F. Ry. Co. v. Loyd, 175 S. W. 721, by this court, specifically support the assignment referred to above.

In the opinion of the majority on this motion for rehearing, some probable doubt is implied as to the soundness of the opinions in the two cases last cited, by reason of the fact that neither of them was ever passed on by the Supreme Court; no writs of error having been prosecuted to that court. The writer is of the opinion that both of those decisions were correct, since they were in full accord with and sustained by the decisions in the McGlamory Case and other decisions following it. Furthermore, our Supreme Court in Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942, decided the same question decided in those two cases, and in the same manner, as shown in the following quotation from the syllabus:

"Where a servant is injured by negligence of the master recovery may be had though negligence of a fellow servant combined with it to cause the injury; but not where the fellow servant's negligence was the sole cause. The pleading and evidence raising the issue as to whether the injury was caused solely by the negligence of a fellow servant, a requested instruction denying recovery in that event was improperly refused, though the charge given authorized recovery only on finding of negligence by the master."

And that decision was cited with approval in Gammage v. Gamer Co., 213 S. W. 930, by the Commission of Appeals, which is noted above.

In Campbell v. Johnson, 290 S. W. 526, by the Commission of Appeals, such decisions as M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and G., C. & S. F. Ry. Co. v. Gorman, 112 Tex. 147, 245 S. W.

418, are cited with approval, with the further holding that the rule therein announced, requiring an affirmative submission of a defense, is applicable to the submission of the issue of proximate cause, to the same extent as it is to the issue of negligence.

The writer is of opinion further that the fact that the jury also found appellant guilty of negligence after the plaintiff's peril was discovered, which was a proximate cause of the injury, furnishes no sufficient reason for holding that the refusal of the requested instruction now under consideration was, at all events, harmless error; since a finding, which the jury might have made under the evidence, that the negligence of the defendant Bonner was the sole proximate cause of plaintiff's injury, necessarily would have precluded a finding that the alleged negligence after discovered peril was also a proximate cause of the injury. It occurs to the writer that the reason advanced by the majority would lead logically to a denial of the rule altogether that was announced in the McGlamory Case and uniformly followed by all our appellate courts in later decisions.

Accordingly, it is the opinion of the writer that appellant's motion for rehearing should be granted, the assignment of error to the refusal of the trial court to submit to the jury the requested issue noted above should be sustained; that our former judgment, affirming the judgment of the trial court should be set aside and the cause remanded.